FILED
AUG 16 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLAINE WASEL SELL, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-01765 (UNA)
)
)
SUPERIOR COURT FOR THE )
DISTRICT OF COLUMBIA, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues the Superior Court for the District of Columbia and the "people who dropped case 18-006985." Compl. at caption. Plaintiff appears to be aggrieved that his attempts to bring unspecified criminal charges in Superior Court have been thwarted by way of dismissal.[1] Compl. at 1 ¶ 1. At the same time, plaintiff discusses his various pending patents and a vaguely alleged overarching conspiracy to steal his ideas. *Id.* Plaintiff also believes that he is being followed and surveilled ". . . kind of like the movie ["] The Sting ["] with "Robert Redford." *Id.* at 1 ¶ 2. The relief sought is not entirely clear, but plaintiff asks the Court to compare him to "Thomas Edison" and "Nick Tesla." *Id.* The instant complaint consists of random statements regarding various incidents with no connecting information or factual bases relating thereto.

The complaint lacks a discernible claim and jurisdictional basis and thus will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

Date: August 13, 2018

United States District Judge

---

[1] To the extent that plaintiff seeks review of the decisions of the Superior Court, this Court lacks jurisdiction. *See, e.g., Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts. *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).